UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>RAFAEL PAHUA MARTINEZ,<br><br>    Movant. | No. 2:15-cr-140-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Rafael Pahua Martinez ("movant"), proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 237. The government has filed an opposition. ECF No. 246. For the reasons stated hereafter, the motion must be denied.

### Background

In 2015, movant was charged with seven counts of narcotics trafficking.[1] ECF No. 21. On August 27, 2017, he pleaded guilty to Count One of the indictment - a violation of 21 U.S.C. §§ 841(a)(1), 846 – conspiracy to distribute and to possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine. ECF No. 118.

---

[1] He was also charged with violating the terms of a supervised release that were imposed in 2011 as part of his sentence following his conviction in a separate case in this district. *See United States v. Rafael Pahua-Martinez*, 2:10-cr-513 MCE.

1

At movant's sentencing hearing, which occurred on March 15, 2018, he was sentenced to 252 months imprisonment. ECF No. 195 at 5, 8. This was a downward departure from the sentencing guideline range or 360 months to life and below the sentence of 360 months recommended in the presentence investigation report. ECF No. 140 at 4. The court also revoked movant's supervised release in the earlier case and resentenced movant to time served, to run concurrently with the sentence imposed based on the new criminal conviction. ECF No. 195 at 3-4.

Movant filed the current section 2255 motion on December 5, 2019. ECF No. 237. Therein, he argues that his trial counsel[2] was constitutionally deficient in two respects: (1) in failing to seek a twenty-four month reduction for time that movant had spent in jail resulting from his supervised release violation; and (2) in failing to seek a downward departure in his sentencing based on a "fast track" program offered by the United States Attorney's Office for the Eastern District of California. *Id.* at 3-11.

## Legal Standards

I. Motions Pursuant to 28 U.S.C. § 2255

Section 2255 permits a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) his conviction is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

II. Ineffective Assistance of Counsel Claims

The applicable legal standards for a claim of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that (1) her counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id.* at 687. Counsel is constitutionally deficient if his or

---

[2] Movant was represented by Kevin Rooney. ECF No. 27.

her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 669; *see Richter*, 562 U.S. at 106. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (internal quotation marks and alterations omitted).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A reviewing court "need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

The *Strickland* standards apply to appellate counsel as well as trial counsel. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

/////

Counsel "must be allowed to decide what issues are to be pressed." *Id.* Otherwise, the ability of counsel to present the client's case in accord with counsel's professional evaluation would be "seriously undermined." *Id. See also Smith v. Stewart*, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (Counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy.") There is, of course, no obligation to raise meritless arguments on a client's behalf. *See Strickland*, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as prejudice). Thus, counsel is not deficient for failing to raise a weak issue. *See Miller*, 882 F.2d at 1434.

## Analysis

### I. Reduction of Sentence by 24 Months

Movant argues that his trial attorney should have sought a twenty-four month reduction from his two hundred and fifty-two month sentence based on time-served for his supervised release violation. In so arguing, he appears to erroneously believe that Judge England sentenced him to twenty-four months for violating his supervised release. *See* ECF No. 237 at 8-9 ("Upon [movant's] conviction, this court sentenced him to twenty-four months, which represented the amount of time he had already served in jail."). But Judge England did not sentence him to twenty-four months based on his supervised release violation; he simply sentenced him to time served from his arrest on the new violation up to the time of sentencing for that violation. The only relevant twenty-four month sentence was handed down in 2011, in the earlier and separate case and before a different judge. *See United States v. Rafael Pahua-Martinez*, 2:10-cr-513 MCE. In that earlier case, movant was originally sentenced to a term of imprisonment of twenty-four months following his conviction for being a deported alien found unlawfully in the United States, pursuant to 8 U.S.C. § 1326(a). *Id.* at ECF No. 13 at 2. That sentence included a thirty-six month term of supervised release that was to begin after his release from imprisonment. *Id.* at 3. Thus, movant's twenty-four month sentence was not, contrary to his assertions, related to the narcotics conviction at issue in this case. *See* ECF No. 237 at 8 ("Courts have long held that when a defendant is charged and sentenced under separate but *related* cases, a sentencing court may reduce defendant's sentence in one of the cases based on the amount of time [he] received in

4

the other case . . .") (emphasis added).  There would have been no legal or factual basis for his trial counsel to request a reduction in time based on the grounds movant asserts now.

II.     Failure to Seek a Downward Departure Pursuant to a "Fast Track" Program

Movant's second claim is also meritless.  In its opposition, the government has included the declaration of Assistant United States Attorney Paul Hemesath.  ECF No. 246 at 9.  Mr. Hemesath declares that:

> I know based on my training and experience in the Eastern District of California, as well as my discussions with my supervisors, the United States Attorney, McGregor W. Scott, the First Assistant United States Attorney Phillip A. Talbert, and the Drug and Violent Crime Chief, Michael M. Beckwith, that the Eastern District of California (EDCA) USAO does not now, and did not during the time of defendant's prosecution, have a fast-track program available for defendants pleading guilty to narcotics trafficking offenses.

*Id.* at 9, ¶ 2.  Undoubtedly, movant's trial counsel could not have attempted to benefit movant by invoking such a program when, in fact, no such program existed for his offenses.  Thus, this alleged failure was not deficient performance.[3]

### Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 237) be DENIED;

2. The Clerk be directed to close the companion civil case, 2:19-cv-2447-MCE-EFB; and

3. The Clerk be directed to enter judgment accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[3] In his motion, movant appears to acknowledge that the Eastern District USAO did not offer a "Fast Track" program for non-immigration offenses. ECF No. 237 at 9. He nevertheless contends that "nothing preclud[ed] the U.S. Attorney from exercising his discretion and offering one specifically to [movant]." *Id.* Movant offers no rationale as to why the USAO would have been inclined to make an exception in his case, however, and the court finds this contention unconvincing.

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 21, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE